**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Soil and Materials Engineers, Inc., a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>S&ME, Inc., a North Carolina corporation,<br><br>Defendant. | Case No. 5:25-cv-13529-JEL-KGA<br><br>Hon. Judith E. Levy<br>Magistrate Judge Kimberly G. Altman |

# RULE 26(f) JOINT DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), E.D. Michigan Local Rules 16.1, and this Court's Practice Guidelines, the parties respectfully submit the following Joint Discovery Plan.

1. **Jurisdiction & Venue:** This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b) (Lanham Act claims), and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b).

2. **Initial Disclosures**

(a) **Discovery Conference:** The parties conducted their Rule 26(f) discovery conference by Microsoft Teams on July 28, 2026.

(b) **Rule 26(a)(1) Initial Disclosures:** The parties will exchange initial disclosures by August 21, 2026.

3. **Subjects and Scope of Discovery.** Discovery is expected to address at least the following topics:

(a) The length, geographic scope, and manner of each party's use of the "SME" and "S&ME" marks from the earliest usage date to present.

(b) Marketing, advertising, and similar materials, including amounts spent.

(c) Alleged actual confusion or lack of confusion among sophisticated purchasers of engineering services.

(d) The interactions, business dealings, knowledge, intent, historical communications, and agreements between and among the parties, including concerning concurrent use of the marks and as relevant to Defendant's fraud and laches defenses.

(e) Financial records, annual revenues, local billings, and profit margins relevant to any potential monetary relief or counterclaims.

(f) USPTO applications, registrations, prosecution files, and declarations submitted in connection therewith.

(For the avoidance of doubt, neither party's submission concerning the subjects or temporal scope of discovery constitutes an admission as to any merits issue, including first use by either party.)

4. **Phasing:** The parties do not believe discovery should be conducted in phases or limited to particular issues, except that expert discovery will follow the close of fact discovery as set forth in the schedule below.

5. **Pending and Anticipated Motions:** Plaintiff's motion to dismiss Counterclaims II and III (ECF No. 17) is currently pending. Apart from that motion, the parties anticipate dispositive motions under Fed. R. Civ. P. 56 and *Daubert* motions. The parties do not presently anticipate further motions under Fed. R. Civ. P. 12.

6. **Electronic Discovery (ESI) & Privilege (Fed. R. Evid. 502)**

(a) **ESI Protocol:** The parties will negotiate a dedicated protocol for the discovery of electronically stored information. On or before September 18, 2026, the parties shall exchange a proposed ESI order and initial custodian lists, date ranges, and search strings. The parties shall meet and confer to finalize search protocols within fourteen (14) days of exchange. If the parties are unable to resolve a dispute concerning the ESI order, they will proceed under the Court's Practice Guidelines for purposes of raising any such dispute.

(b) **Inadvertent Production:** The Stipulated Protective Order entered at ECF No. 11, which includes an order under Fed. R. Evid. 502(d), addresses the inadvertent production of privileged or otherwise protected information.

(c) **Privilege Logs:** The parties agree to exchange privilege logs in compliance with Fed. R. Civ. P. 26(b)(5) within thirty (30) days following the substantial completion of document production deadline specified below. The parties shall not be required to log communications with counsel, including in-

house counsel, post-dating the filing of the complaint. Redactions for attorney-client privilege or work-product protection shall be logged with sufficient specificity under Fed. R. Civ. P. 26(b)(5).

7. **Survey Evidence Protocol:** Any party intending to rely affirmatively on survey evidence (e.g., on likelihood of confusion, secondary meaning, or strength of mark) shall serve the full survey report and all supporting data, including underlying questionnaires, verbatim responses, and data files, by the opening expert disclosure deadline set below. The opposing party may serve rebuttal survey evidence, subject to the same disclosure obligations, by the rebuttal expert disclosure deadline set below.

8. **Proposed Discovery Schedule and Cut-Off Deadlines**

(a) **Schedule:** The parties propose the following case schedule:

| Milestone / Event | Proposed Deadline | Duration / Notes |
|---|---|---|
| Initial Disclosures (Rule 26(a)(1)) | August 21, 2026 | Fed. R. Civ. P. 26(a)(1)(C). |
| Exchange proposed ESI order, initial custodian lists, date ranges, and search strings | September 18, 2026 | Initial exchange |

| Milestone / Event | Proposed Deadline | Duration / Notes |
|---|---|---|
| Finalize proposed ESI order and/or submit any disputes concerning ESI order | October 2, 2026 | Parties to meet and confer to finalize search protocols within fourteen (14) days of exchange. |
| Email Case Manager regarding proposed Alternative Dispute Resolution procedure and timing | October 16, 2026 | Per the Court's Practice Guidelines. |
| Pleadings Amendment / Joinder Deadline | October 30, 2026 | Without prejudice to either party's right to seek leave under Fed. R. Civ. P. 15 and 16 based on documents or testimony produced after this date. |
| Substantial completion of document production | December 11, 2026 | Parties to produce substantially all requested documents by this date to allow for orderly progress of discovery and deposition preparation. |
| Complete Mediation | February 26, 2027 | The parties may begin mediation at an earlier date; this deadline is the last day to complete mediation. |
| Fact Discovery Cutoff | March 26, 2027 | Approximately 8 months for written discovery, document production, and fact depositions across multiple state jurisdictions. |
| Opening Expert Reports by Party with Burden of Proof | April 30, 2027 | 35 days post-fact discovery. Survey Evidence Protocol above at ¶7 applies. |
| Rebuttal Expert Reports | June 4, 2027 | 35 days for rebuttal expert submissions. |

| Milestone / Event | Proposed Deadline | Duration / Notes |
|---|---|---|
| Expert Discovery Cutoff | August 6, 2027 | Depositions of designated experts. |
| Dispositive & Daubert Motions Deadline | September 3, 2027 | 28 days post-Expert Discovery (Summary Judgment & Rule 702 motions). |
| Motions in Limine filed | January 14, 2028 | Motions in limine to be listed in the Joint Final Pretrial Order per LR 16.2(b)(7). |
| Joint Final Pretrial Order submitted | February 11, 2028 | Submitted through the Utilities function in CM/ECF, not filed on the docket, per the Court's Practice Guidelines and LR 16.2. |
| Final Pretrial Conference | February 18, 2028, at 10:30 a.m. | |
| Proposed Joint Jury Instructions & Verdict Form submitted | February 25, 2028 | Submitted through the Utilities function in CM/ECF. |
| Jury Trial Commences | March 7, 2028, at 8:30 a.m. | Estimated 7-10 day trial based on jury demands. |

(b) **Discovery Extensions:** Counsel may agree, in writing, to hold depositions or accept responses to written discovery after the discovery cutoff without involvement of the Court. The discovery deadline may be extended only by filing a motion or by submitting a stipulation through the Utilities function in CM/ECF, and then only if the extension of time does not change the motion cutoff, final pretrial conference, or trial

dates. Extensions or adjournments of all other dates will be considered only upon the timely filing of a written motion for good cause shown. Filing a motion does not change discovery deadlines.

9. **Discovery Limitations & Protective Order**

(a) **Interrogatories:** Each party may serve up to 30 interrogatories, unless expanded by leave of Court. The parties agree to the increase above the presumptive limit in view of the number of states and the span of years at issue.

(b) **Requests for Production:** Each party may serve up to 50 requests for production of documents and things unless expanded by leave of Court.

(c) **Requests for Admission:** Each party may serve up to 50 requests for admission unless expanded by leave of Court. Requests for admission directed solely to the genuineness of documents under Fed. R. Civ. P. 36(a)(1)(B) shall not count toward this limit.

(d) **Depositions:** Each side is limited to seventy (70) hours of deposition testimony of party witnesses. Depositions of expert

witnesses and of non-parties do not count toward this limit. No single deposition shall exceed one day of seven (7) hours pursuant to Fed. R. Civ. P. 30(d)(1) unless otherwise agreed or ordered by the Court. Depositions may be taken in person or by remote video by agreement.

(e) **Protective Order:** On April 20, 2026, the Court entered the parties' Stipulated Protective Order (ECF No. 11).

(f) **Page Limits:** In view of the number of claims, counterclaims, and affirmative defenses, the parties jointly request that briefs supporting and opposing motions under Fed. R. Civ. P. 56 be limited to thirty-five (35) pages, that briefs supporting and opposing motions under Fed. R. Evid. 702 be limited to twenty-five (25) pages, and that reply briefs be limited to ten (10) pages. Any party may seek further enlargement for good cause.

**10. Discovery Disputes & Pre-Motion Protocol:** The parties shall comply with E.D. Mich. LR 37.1 and Fed. R. Civ. P. 37(a)(1) before seeking Court intervention. In accordance with the Court's Practice Guidelines, no discovery motion shall be filed without prior leave of

Court, and discovery motions filed without leave will be stricken. If a dispute cannot be resolved, counsel shall email the Court's Case Manager, William Barkholz, with a description of the dispute of no more than five sentences, and the Court will schedule a conference. The parties understand that an unresolved dispute may thereafter be briefed on a schedule set by the Court and referred to the assigned Magistrate Judge.

11. **Alternative Dispute Resolution:** The parties propose private facilitative mediation under E.D. Mich. LR 16.4 before a mutually acceptable mediator with experience in trademark matters, to be completed by the deadline set forth in the schedule above. The parties will email the Court's Case Manager regarding the proposed ADR procedure and timing by the date set forth in the schedule above.

12. **Consent to Magistrate Judge:** The parties have not consented to conduct all further proceedings before the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

13. **Scheduling Conference:** The parties do not request a scheduling conference and submit that the Court may enter a scheduling order

on the basis of this plan. Counsel are available for a conference at the Court's convenience should the Court wish to hold one, and are prepared to address trial scheduling at that time.

14. **Data Preservation:** The parties confirm they have issued litigation holds and taken reasonable steps to preserve relevant paper documents and electronically stored information (ESI) pertinent to the claims and defenses.

Dated: August 7, 2026

Respectfully submitted,

**FISHERBROYLES, LLP**

By: *<u>/s/Douglas P. LaLone</u>*
Douglas P. LaLone
(MI Bar P#45751)
2751 E. Jefferson Ave.
Suite 400
Detroit, MI 48207

Telephone: 586-871-6302
Douglas.Lalone@fisherbroyles.com

Alastair J. Warr
(IN Bar #15873-29)
203 N. LaSalle Street, Suite 2100
Chicago, IL 60601
Telephone: 317-407-5260
Alastair.Warr@fisherbroyles.com

*Attorneys for Plaintiff Soil and Materials Engineers, Inc.*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: *<u>/s/Joshua D. Curry</u>*
Michael T. Franz
(MI Bar #P84079)
550 West Adams Street, Suite 300
Chicago, IL 60661
Telephone: 312-463-3329
Michael.Franz@lewisbrisbois.com

Joshua D. Curry
(GA Bar #117378)
600 Peachtree St. NE, Suite 4700
Atlanta, GA 30308
Telephone: 404-348-8585
Josh.Curry@lewisbrisbois.com

*Attorneys for Defendant S&ME, Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below the foregoing document with any attachments was filed using the Court's CM/ECF System, which caused counsel of record for the parties to be served by electronic mail, as more fully reflected on the notice of electronic filing.

Dated: *<u>/s/Alastair J. Warr</u>*